UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HIEN TRAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO. 1:24-cv-00121-HAB-SLC |
| ) | |
| VEOLIA UTILITY RESOURCES LLC, ) | |
| *et al.*, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

Before the Court is a motion by Defendant Sun Life Assurance of Canada ("Sun Life") seeking to join a new party to this matter and bifurcate claims into separate trials. (ECF 36). On March 15, 2024, Plaintiff Hien Tran filed this suit, claiming relief against Sun Life for an ERISA benefit regarding her now deceased husband, or in the alternative, breach of fiduciary duty by Defendants Veolia Utility Resources LLC and Lincoln Life Assurance Company of Boston. (ECF 1). Sun Life has since received a competing claim[1] for the ERISA benefit from the decedent's former wife, Sally Ann Lombardo, causing Sun Life to request that Lombardo be joined to this case. (*Id*. at 1). Further, Sun Life asks the Court to bifurcate the ERISA benefit claim from the alternative breach of fiduciary duty claim—arguing that a bifurcation of the two claims would promote judicial economy, avoid prejudice to any parties, and avoid violation of the Seventh Amendment. (ECF 37 at 6). For the following reasons, Sun Life's motion will be GRANTED as to joinder but DENIED as to bifurcation.

---

[1] There is some dispute between the parties as to when Sun Life became aware of Lombardo's interest in the ERISA benefit. (*See* ECF 40 at 1). Tran argues that Sun Life was aware that Lombardo expressed an interest in the ERISA benefit as early as September 2023—before this action was filed. (*Id*.) No parties dispute, however, that Lombardo waited until September 2024 to file a formal claim with Sun Life. (*See* ECF 42 at 1).

1

### A. Procedure

The deadline for Sun Life to amend its pleadings passed on June 15, 2024. (ECF 32 at 2). A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). If a party demonstrates good cause for the delay, the motion must also pass scrutiny under Rule 15, which instructs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Having said that, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citation omitted).

### B. Joinder

Under Federal Rule of Civil Procedure 19, a person is a required party in a cause of action if:

> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest[,] or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B); *see also Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001) (discussing the considerations in determining a "necessary party" for the purposes of joinder). The Seventh Circuit Court of Appeals has instructed that when deciding whether a non-party is a necessary party, the trial court must consider (1) whether complete relief can be accorded without joinder, (2) whether the non-party's ability to protect her interest will be impaired, and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless she is joined. *See Davis Cos.*, 268 F.3d at 481. Substantial risk of inconsistent

2

obligations may occur when a party receives a demand letter from a non-party asserting entitlement to the subject matter of the litigation. *See Arcelormittal Ind. Harbor LLC v. Amex Nooter, LLC*, 194 F. Supp. 3d 804, 815 (N.D. Ind. 2016) (concluding that a non-party was a necessary party because the non-party expressed interest in the subject matter of the litigation through a demand letter). "The purpose of Rule 19 is to 'permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 634 (7th Cir. 2009) (quoting *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)).

Here, Lombardo is a necessary party.[2] *See cf. Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 937 (N.D. Ill. 2006) (reasoning that a non-party must claim an interest in the subject matter to qualify as a necessary party). Complete relief cannot be accorded without joinder given that Lombardo is a competing claimant to the same ERISA benefit. (*See* ECF 37 at 4). Further, Lombardo's ability to protect her interest would be impaired. *See e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (analyzing Rule 19(b) factors and stating "[c]onflicting claims by beneficiaries . . . present a textbook example of a case where one party may be severely prejudiced by a decision in his absence" (citation omitted)).

Further, Sun Life would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). "A person may . . . be considered a required party if 'that person claims an interest relating to the subject of the action' and that interest will . . . threaten to whipsaw an existing party with inconsistent

---

[2] The Court sees no dilatory motive on behalf of Sun Life in moving for joinder on September 17, 2024. Though Lombardo may have inquired into the ERISA benefit with Sun Life as early as September 2023, she did not file a formal claim with Sun Life seeking the ERISA benefit until September 3, 2024. (*See* ECF 42 at 1-2). As such, the Court is satisfied that Sun Life moved with reasonable urgency by filing its motion to join Lombardo when it did. *See e.g., Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (indicating a party's motive is a factor in determining whether joinder is proper). What is more, Tran fails to provide a cognizable argument as to what ulterior motive Sun Life could have in seeking joinder of Lombardo.

obligations." *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014) (quoting Fed. R. Civ. P. 19(a)(1)(B)). This is a case wherein "the Court is . . . aware of an[] absent party that brought its own claims based on the same claims or 'same contract at issue' in this litigation." *Su v. Su*, 672 F. Supp. 3d 573, 590 (N.D. Ill. 2023) (quoting *Davidson Well Drilling, Ltd. v. Bristol-Myers Squibb Co.*, No. 09 Civ. 1431(SAS), 2009 WL 2135396, at *2, *5-6 (S.D.N.Y. July 16, 2009))[3]; *see also Taylor v. Chater*, 907 F. Supp. 306, 309 (N.D. Ind. 1995) (reasoning that two claims to a social security benefit, between step-children and natural children, "might effectively subject the [social security administration] to double and inconsistent obligations"); *Davis Cos.*, 268 F.3d at 485 (concluding that inconsistent or multiple obligations may arise where the subject matter of dispute, between the non-party and a party to the cause of action, concern an interdependent[4] agreement). It follows that the dispute over the ERISA benefit in question can undoubtedly lead to inconsistent obligations on the part of Sun Life—for example, paying the benefit to both Lombardo and Tran.

Lastly, Tran argues that joinder of Lombardo would be futile because Lombardo's competing insurance claim lacks merit. (ECF 40 at 4-5).[5] Futility, in the context of Federal Rule of

---

[3] Though that court is outside of the Seventh Circuit, its analysis is persuasive to this Court's analysis. In deciding that there was a significant risk that both parties would be subject to inconsistent obligations, that court stated:

> [I]f the Puerto Rico court finds Davidson to have improperly terminated the agreement, but this Court finds that BMS is liable to Davidson, then Davidson will be required to pay damages to one entity while it is entitled to receive payment from another. Such a result is exactly what Rule 19(a)(1) seeks to avoid.

*Davidson Well Drilling, Ltd.*, 2009 WL 2135396, at *6. Similarly, if a court hearing Lombardo's case finds that Sun Life improperly terminated the life insurance policy in question, and if this Court also finds that Sun Life is liable to Tran, then Sun Life could be required to pay damages to Tran and Lombardo in two different cases.

[4] The Seventh Circuit reasoned that there was no interdependent agreement in that case because there was no overlap in the property (shares) in dispute. *Davis Cos.*, 268 F.3d at 485. In assessing whether the risk of additional litigation was substantial, the court gathered that the nonparty was disinclined to sue. Not so, here. Lombardo and Tran contest a claim to the same ERISA benefit and Lombardo is incentivized to file suit.

[5] Specifically, Tran argues that the divorce decree supporting Lombardo's claim to the ERISA benefit is 1) not a colorable claim because the maintenance and support obligations to Tran terminated on June 5, 2019, and 2) fails to

4

Civil Procedure 15, "refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Reardon v. Short-Elliott Hendrickson, Inc.,* No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) (citation omitted). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Westwood One, LLC v. Loc. Radio Networks, LLC*, No. 1:21-cv-00088-HAB-SLC, 2023 WL 7273553, at *6 (N.D. Ind. Nov. 2, 2023) (citation and quotation marks omitted). The Court declines to prevent joinder of Lombardo's claim, as Sun Life's arguments on the sufficiency of Lombardo's ERISA benefit claim, "even if merited, remain[s] better left for full briefing on a [dispositive motion]." *Id*. (second alteration in original) Accordingly, Sun Life's motion to join Lombardo will be granted.[6]

### C. Bifurcation

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A district court has discretion in deciding whether to bifurcate claims and hold separate trials. *See Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013). The moving party maintains the burden of showing bifurcation is appropriate. *See Westfield Ins. Co. v. S&L Builders, LLC*, No. 3:19-CV-1026 DRL-MGG, 2020 WL 3264114, at *1 (N.D. Ind. June 17, 2020). The Seventh Circuit has adopted a three-step test to analyze bifurcation. The steps are as follows:

> First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation. Next, the court must be satisfied that the decision to

---

meet the standards of a "qualified domestic relations order[,]" as discussed in *Metro. Life Ins. Co. v. Wheaton*, 42 F.3d 1080 (7th Cir. 1994). (*See* ECF 4-5).

[6] Good cause is also met for this amendment to the pleadings under Rule 16(b) for the same reason expressed *supra* in footnote 2. Further, the Court notes that none of the cautionary harms associated with Federal Rule of Civil Procedure 15(a)(2) are applicable here.

5

bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment.

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (internal citations omitted).

Here, bifurcation of the two claims is not warranted. First, the Court does not foresee a scenario where separation of the two claims avoids prejudice to a party or promotes judicial economy.[7] *See Houseman,* 171 F.3d at 1121. "A vast number of federal decisions in this district have decided against bifurcating insurance coverage breach of contract claims from bad faith claims and the [C]ourt sees no reason to deviate here." *Westfield Ins. Co.,* 2020 WL 3264114, at *1 ("Because bifurcating the issues would not avoid prejudice to either party or promote judicial economy, the court denies the bifurcation motion."). Although a bad faith claim is styled differently than the alternative nomenclature of a fiduciary duty claim, "[u]nder Indiana law, a claim that the duty of good faith and fair dealing has been breached is considered to be the same as a claim of breach of fiduciary duty . . . ." *Domsic v. Allstate Ins. Co.*, No. 2:09-CV-208-PRC, 2010 WL 3326708, at *4 (N.D. Ind. Aug. 19, 2010) (citing *Del Vecchio v. Conseco, Inc*., 788 N.E.2d 446, 451 (Ind.Ct.App.2003) (analyzing the elements of a bad faith claim in Indiana, within the context of an

---

[7] The Court is not persuaded by Sun Life's argument that bifurcation will further judicial economy and avoid prejudice. (*See* ECF 37 at 6). Sun Life appears to argue that since discovery of the fiduciary duty claim might take until December 2024, bifurcation is appropriate. (*Id*.). However, a two-month delay in the potential disposition of the fiduciary duty claim is hardly prejudicial to Sun Life and is unlikely to further judicial economy. As one district court in this circuit has persuasively noted:

> The Court is mindful of the fact that this is an individual plaintiff going up against a corporation, which, in all probability, has the resources to absorb expenses and delays more easily than the Plaintiff. Having already determined that there is a strong possibility that a jury will need to hear issues on damages, an order of separate trials and separate discovery periods will only add unnecessary and considerable delay . . . An unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation. It is clearly not in the public interest.

*Real v. Bunn-O-Matic Corp*., 195 F.R.D. 618, 623-24 (N.D. Ill. 2000) (quotation marks and citation omitted). Similarly, this case involves an individual plaintiff against three companies, including the movant—a subsidiary of a large insurance corporation. (*See* ECF 7).

insurance contract). "The insurance coverage and fiduciary duty claims will overlap." *Westfield Ins. Co.*, 2020 WL 3264114, at *1; *see also McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir.1994) (holding that there was overlap in evidence between a compensatory damage claim concerning an insurance agreement and punitive damages claim concerning a duty to exercise good faith). Given the first element of the bifurcation test is not met, the Court declines to continue to the next step of the analysis. Sun Life's motion for bifurcation of the claims in this case will be denied.

### D.  Conclusion

For the foregoing reasons, Sun Life's motion (ECF 36) is GRANTED as to joinder of Sally Ann Lombardo and her competing claim to this case but DENIED as to bifurcation.

SO ORDERED.

Entered this 2nd day of December 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

7